IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAY KAY COLLISION CENTER, INC.,** individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>**CDK GLOBAL, LLC,**<br><br>     Defendant. | Case No.: 1:24-cv-05313 |

**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE ACTIONS
AND SET SCHEDULE**

Plaintiff Jay Kay Collision Center, Inc., in the above-captioned action ("Plaintiff"), with the consent of Plaintiffs in the related actions set forth below and pursuant to Federal Rule of Civil Procedure 42(a) and the Court's Order (ECF No. 42), hereby moves this Court to: (1) consolidate the above captioned action with the following cases: *George D. Manderbach, Inc., et al. v. CDK Global, LLC*, 1:24-cv-05924 ("Manderbach Action"), and *East McComb Body Shop v. CDK Global Inc.*, 1:24-cv-11440 ("East McComb Action"),[1] as well as any other future actions against Defendant CDK Global, LLC ("Defendant") later filed or transferred to this district based upon the same facts and law, and involving alleged injuries brought by non-dealer business entity plaintiffs in connection with Defendant's cyber incident announced on or about June 19, 2024; (2) administratively close the Manderbach Action and East McComb Action; (3) set a deadline for Plaintiffs' counsel applications for leadership appointment ("Class Counsel") no later than 14 days after the entry of the Order on consolidation; (4) enter a deadline for Class Counsel to file a

---

[1] Defendant CDK Global, LLC was incorrectly named as CDK Global Inc. in the East McComb Action. *See* ECF No. 9: "An appearance is hereby filed by the undersigned as attorney for: CDK Global, LLC incorrectly named as CDK Global, Inc."

consolidated complaint; (5) enter a briefing schedule for any motion to dismiss (or other responsive briefing) in response to the consolidated complaint; and (6) direct the Parties to engage in negotiations on a protective order and a protocol for electronic stored information, while staying all other discovery until such orders are entered and the Parties have had an opportunity to further meet and confer on any additional discovery and present their positions to the Court.

The above-captioned action, the Manderbach Action, and the East McComb Action focus on the same factual premise—the June 2024 cyber incident against CDK—and assert substantially similar (if not identical) claims on behalf of non-dealer business entity plaintiffs and the same or overlapping putative classes. Each of the non-dealer business entity Plaintiffs relies on the same set of alleged operative facts and asserts overlapping claims, on behalf of similarly defined classes, seeking similar relief. Consolidation is therefore appropriate. In these circumstances, all Parties and the Court will be best served in a consolidated proceeding, which will preserve party and Court resources.

Counsel in each of the above actions conferred with Defendant's counsel regarding the proposed consolidation. Defendant does not oppose consolidation pursuant to the Parties agreement on the scope of consolidation, schedule, and discovery as set forth herein and in the memorandum in support.

WHEREFORE, Plaintiff requests that the Court enter an order to: (1) consolidate the above captioned action with the following cases: *George G. Manderbach, Inc., et al. v. CDK Global, LLC*, 1:24-cv-05924, and *East McComb Body Shop v. CDK Global Inc*., 1:24-cv-11440, as well as any other actions later filed or transferred to this district based upon the same facts and law, and involving alleged injuries brought by non-dealer business entity plaintiffs in connection with Defendant's cyber incident announced on or about June 19, 2024; (2) administratively close the

Manderbach Action and East McComb Action; (3) set a deadline for Plaintiffs' counsel applications for leadership appointment no later than 14 days after the entry of the Order on consolidation; (4) enter a deadline for Class Counsel to file a consolidated complaint; (5) enter a briefing schedule for any motion to dismiss (or other responsive briefing) in response to the consolidated complaint; and (6) direct the Parties to engage in negotiations on a protective order and a protocol for electronic stored information, while staying all other discovery until such orders are entered and the Parties have had an opportunity to further meet and confer on any additional discovery and present their positions to the Court.

Dated: January 6, 2025                                  Respectfully submitted,

                                                        /s/ Thomas A. Zimmerman, Jr.

| | |
|---|---|
| Elizabeth A. Fegan (IL #6229226) | Thomas A. Zimmerman, Jr. (IL #6231944) |
| **FEGAN SCOTT LLC** | tom@attorneyzim.com |
| 150 S. Wacker Dr., 24th Floor | Sharon A. Harris |
| Chicago, IL 60606 | sharon@attorneyzim.com |
| Phone: (312) 741-1019 | Matthew C. De Re |
| beth@feganscott.com | matt@attorneyzim.com |
| | Jeffrey D. Blake |
| Jonathan Shub (Bar ID No. 53965) | jeff@attorneyzim.com |
| Benjamin F. Johns | **ZIMMERMAN LAW OFFICES, P.C.** |
| Samantha E. Holbrook | 77 W. Washington Street, Suite 1220 |
| **SHUB & JOHNS LLC** | Chicago, Illinois 60602 |
| Four Tower Bridge | (312) 440-0020 telephone |
| 200 Barr Harbor Drive, Suite 400 | (312) 440-4180 facsimile |
| Conshohocken, PA 19428 | firm@attorneyzim.com |
| Phone: (610) 477-8380 | |
| bjohns@shublawyers.com | Marc E. Dann |
| jshub@shublawyers.com | Brian D Flick |
| sholbrook@shublawyers.com | **DANNLAW** |
| | 15000 Madison Avenue |
| Adam E. Polk* | Lakewood, Ohio 44107 |
| Anthony Rogari* | Phone: (216) 373-0539 |
| **GIRARD SHARP LLP** | Facsimile: (216) 373-0536 |
| 601 California Street, Suite 1400 | notices@dannlaw.com |
| San Francisco, CA 94108 | |

| | |
|---|---|
| Telephone: (415) 981-4800<br>apolk@girardsharp.com<br>arogari@girardsharp.com<br><br>\**Pro hac vice* forthcoming<br><br>*Counsel for Plaintiff George D. Manderbach Inc. and the Proposed Class* | *Counsel for Plaintiff Jay Kay Collision Center and the Proposed Class*<br><br>Shannon M. McNulty<br>Robert A. Clifford<br>**CLIFFORD LAW OFFICES**<br>120 North LaSalle Street<br>36th Floor<br>Chicago, IL 60602<br>Telephone: (312) 899-9090<br>smm@cliffordlaw.com<br><br>John A. Yanchunis<br>jyanchunis@ForThePeople.com<br>Ronald Podolny\*<br>ronald.podolny@forthepeople.com<br>**MORGAN & MORGAN COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 223-5402<br><br>Gerald M. Abdalla, Jr.\*<br>**ABDALLA LAW, PLLC**<br>602 Steed Road, Suite 200<br>Ridgeland, MS 39157<br>Telephone: (601) 278-6055<br>jerry@abdalla-law.com<br><br>Timothy W. Porter\*<br>**PORTER & MALOUF, P.A.**<br>Jackson, MS 39236<br>Telephone: (601) 957-1173<br>tim@portermalouf.com<br><br>\**pro hac vice to be filed*<br><br>*Counsel for Plaintiff East McComb Body Shop and the Proposed Class* |

4

## **CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 6, 2025

                                                                                                        */s/ Thomas A. Zimmerman, Jr.*