**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAY KAY COLLISION CENTER, INC.,** individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:24-cv-05313 |
| **CDK GLOBAL, LLC,** | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO**
**CONSOLIDATE ACTIONS AND SET SCHEDULE**

Plaintiff Jay Kay Collision Center, Inc., in the above-captioned action ("Plaintiff"), with

the consent of Plaintiffs in the related actions set forth below and pursuant to Federal Rule of Civil

Procedure 42(a) and the Court's Order (ECF No. 42), hereby moves this Court to: (1) consolidate

the above captioned action with the following cases: *George D. Manderbach, Inc., et al. v. CDK*

*Global, LLC*, 1:24-cv-05924 ("Manderbach Action"), and *East McComb Body Shop v. CDK*

*Global Inc.*, 1:24-cv-11440 ("East McComb Action"),[1] as well as any other future actions against

Defendant CDK Global, LLC ("Defendant") later filed or transferred to this district based upon

the same facts and law, and involving alleged injuries brought by non-dealer business entity

plaintiffs in connection with Defendant's cyber incident announced on or about June 19, 2024

("Related Actions"); (2) administratively close the Manderbach Action and East McComb Action;

(3) set a deadline for Plaintiffs' counsel applications for leadership appointment ("Class Counsel")

no later than 14 days after the entry of the Order on consolidation; (4) enter a deadline for Class

---

[1] The above-captioned action, the Manderbach Action, and the East McComb Action are collectively referred to as the "Related Actions."

Counsel to file a consolidated complaint; (5) enter a briefing schedule for any motion to dismiss (or other responsive briefing) in response to the consolidated complaint; and (6) direct the Parties to engage in negotiations on a protective order and a protocol for electronic stored information, while staying all other discovery until such orders are entered and the Parties have had an opportunity to further meet and confer on any additional discovery and present their positions to the Court.[2]

## I.  <u>INTRODUCTION</u>

Plaintiff Jay Kay Collision Center, Inc., an automobile repair center, filed its Class Action Complaint in this action on June 25, 2024, seeking to hold Defendant liable for the alleged disruption to its business as a result of the June 2024 cyber incident against CDK.

Two additional related actions were subsequently filed in this Court arising from same June 2024 cyber incident and operative facts and asserting substantially identical claims on behalf of non-dealer entity plaintiffs and overlapping putative classes, thus making consolidation into the case with the lowest case number appropriate. Along with this action, the following actions have been filed: the Manderbach Action, and the East McComb Action.[3]

This motion seeks to consolidate the three Related Actions.

---

[2] CDK states that in not opposing this limited initial step concerning discovery, it does so without waiving CDK's right to bring a motion to stay discovery in the future, and without prejudice to CDK's position that discovery is not warranted during the pendency of any motion to dismiss. CDK also states that in not opposing consolidation it does so without waiving its right to move to compel arbitration if at a later date it becomes clear that arbitration is warranted as to any current or future plaintiff.

[3] Defendant CDK Global, LLC was incorrectly named as CDK Global Inc. in the East McComb Action. *See* ECF No. 9: "An appearance is hereby filed by the undersigned as attorney for: CDK Global, LLC incorrectly named as CDK Global, Inc."

## II.        COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.        The CDK Data Breach

Defendant CDK Global, LLC provides management systems for more than 15,000 car dealerships, automobile repair centers, original equipment manufacturers, software vendors, and other service providers. As a result of the June 2024 cyber incident, Plaintiffs and similarly situated non-dealer businesses similarly allege that they were unable to process sales, perform maintenance or repair services, and complete other critical tasks. In each of the three Related Actions, Plaintiffs and Class Members seek damages and injunctive relief for the alleged injuries they sustained as a result of the June 2024 cyber incident, which continues to impact their businesses.

### B.        Procedural History and Related Actions

In addition to the first-filed Jay Kay Collision Center Action, the Manderbach Action was filed on July 12, 2024, and the East McComb Action was filed on November 5, 2024. Each case focuses on the same factual premise—the June 2024 cyber incident—and asserts substantially identical claims on behalf of non-dealer entity Plaintiffs and the same or overlapping putative classes. Other future filed, transferred, or removed cases involving only non-dealer business entity plaintiffs arising out of the June 2024 cyber incident may also be related actions.

### C.        Consolidation of the Actions

The Related Actions before this Court are substantially the same; thus, consolidation is appropriate. Each lawsuit arises from the same common set of alleged operative facts: the June 2024 cyber incident and alleged injuries to non-dealer business entity plaintiffs. Due to each Plaintiff's reliance on the same set of alleged operative facts, each Plaintiff asserts overlapping claims, on behalf of similarly defined classes, seeking similar relief. Specifically, the Related

Actions assert the following causes of actions on behalf of the following classes:

| Case | Causes of Action | Putative Classes |
|------|------------------|------------------|
| *Jay Kay Collision Center* | Negligence, breach of implied contract, unjust enrichment, injunctive relief | All persons and entities in the United States who used or relied on Defendant's services, and were injured as a result of the Data Breach. |
| *Manderbach* | Negligence, breach of contract, unjust enrichment, injunctive relief | All automotive businesses in the United States who used or relied upon CDK Global's services and sustained interruption to their business operations as a result of the Data Breach. |
| *East McComb* | Negligence, negligence *per se*, unjust enrichment, injunctive relief | All auto repair facilities located in the United States who order parts from customers of CDK Global, Inc. which customers were affected by an interruption of service due to the ransomware attack which occurred on or about June 19, 2024. |

The Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding as to all non-dealer business entity plaintiffs alleging claims against CDK arising from the June 2024 cyber incident, which will preserve party and Court resources.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Federal Rule of Civil Procedure 42(a) reads:

> If actions before the court involve a common question of law **or** fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"Consolidation is appropriate where there are actions involving common questions of law or fact." *Mayo v. Apropos Tech., Inc*., No. 01 C 8406, 2002 WL 193393, at *2 (N.D. Ill. Feb. 7, 2002); "[G]iven the similarity of the claims, the court believes that consolidation of these cases will result in substantial savings of judicial time and effort." *Taubenfeld v. Career Educ. Corp*., No. 03 C 8884, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004). "Since the cases all concern the same subject matter and essentially the same claims, the motion to consolidate will be granted."

*Hill v. The Trib. Co.*, No. 05 C 2602, 2005 WL 3299144, at *4 (N.D. Ill. Oct. 13, 2005).

Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency. *EEOC v. G–K–G, Inc.*, 39 F.3d 740, 745 (7th Cir.1994).

Courts in this District accept the following list of factors a trial court must consider in weighing whether to consolidate cases: "(1) the common questions of law and fact; (2) convenience and judicial economy; (3) delay; and (4) undue prejudice to any party." *Eason v. Illinois DCFS*, No. 07 C 50015, 2009 WL 10740445, at *2 (N.D. Ill. June 25, 2009). *See also, Illinois v. Polyone Corp.*, No. 113CV01550SLDJAG, 2013 WL 6578937, at *1 (C.D. Ill. Dec. 13, 2013).

All of these factors are met here. First, the complaints each relate to common factual allegations and legal theories. Even a cursory review shows that each Related Action alleges virtually identical facts and legal questions, all arising from one factual event—the June 2024 cyber incident—which Plaintiffs in each action allege was a result of Defendant's failure to secure its computer systems. Additionally, the legal claims asserted by each Plaintiff are substantially similar. Therefore, the first factor is met.

The second factor, convenience and judicial economy, is also met. The burden on the parties, witnesses, and judicial resources will be substantially lightened by consolidation. Moreover, none of the Plaintiffs oppose consolidation, which will allow Plaintiffs to jointly prosecute the case, share discovery, and avoid the possibility of the Court certifying overlapping classes. Similarly, judicial resources will be conserved by presiding over one consolidated case rather than multiple separate cases, reducing the number of motions, briefings, hearings, and trials before the Court. "Consolidating the cases will promote unnecessary duplication of effort and will promote economy and efficiency. It will avoid duplication of effort in related cases." *Est. of W. v.*

*Giese*, No. 19-CV-1843-PP, 2020 WL 3895299, at *2 (E.D. Wis. July 10, 2020). "In the absence of consolidation, there is a risk that two judges would preside over two trials with inconsistent rulings or verdicts. To conserve judicial resources and in the absence of any prejudice shown by the defendants, the court will consolidate the cases for future proceedings." *Ahnert v. Emps. Ins. Co. of Wausau*, No. 10-CV-156-PP, 2017 WL 1251113, at *2 (E.D. Wis. Mar. 31, 2017).

The third factor—absence of delay, is also met. Each of the cases before the Court have the same procedural posture. Each has a complaint with no responsive pleading. Therefore, consolidation will not delay any of the proceedings. "The early, undeveloped status of both cases […] indicate[s] that consolidation would not delay, but likely accelerate, disposition of the cases." *Illinois v. Polyone Corp.*, No. 113CV01550SLDJAG, 2013 WL 6578937, at *2 (C.D. Ill. Dec. 13, 2013); "Much of the discovery in these cases will be applicable to both and consolidation will expedite and economize the litigation process." *Owners Ins. Co. v. Dorsey*, No. 3:14-CV-01009-PMF, 2015 WL 13203448, at *1 (S.D. Ill. July 23, 2015).

Finally, the fourth factor is also met. There is no "undue prejudice" to any party. In fact, all Plaintiffs and Defendant will benefit from proposed consolidation, as it will conserve their resources and save time.

Therefore, the Court should consolidate these three (and all future) non-dealer business entity related cases.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiffs ask the Court to grant this motion and enter an order to: (1) consolidate the above captioned action with the following cases: *George D. Manderbach, Inc., et al. v. CDK Global, LLC*, 1:24-cv-05924, and *East McComb Body Shop v. CDK Global Inc.*, 1:24-cv-11440, as well as any other actions later filed or transferred to this

district based upon the same facts and law, and involving alleged injuries brought by non-dealer business entity plaintiffs in connection with Defendant's cyber incident announced on or about June 19, 2024; (2) administratively close the Manderbach Action and East McComb Action; (3) set the deadline for Plaintiffs' counsel applications for leadership appointment no later than 14 days after the entry of the Order on consolidation; (4) enter a deadline for Class Counsel to file a consolidated complaint; (5) enter a briefing schedule for any motion to dismiss (or other responsive briefing) in response to the consolidated complaint; and (6) direct the Parties to engage in negotiations on a protective order and a protocol for electronic stored information, while staying all other discovery until such orders are entered and the Parties have had an opportunity to further meet and confer on any additional discovery and present their positions to the Court.

Dated: January 6, 2025                                    Respectfully submitted,


                                                          */s/ Thomas A. Zimmerman, Jr.*

| | |
|---|---|
| Elizabeth A. Fegan (IL #6229226) | Thomas A. Zimmerman, Jr. (IL #6231944) |
| **FEGAN SCOTT LLC** | tom@attorneyzim.com |
| 150 S. Wacker Dr., 24th Floor | Sharon A. Harris |
| Chicago, IL 60606 | sharon@attorneyzim.com |
| Phone: (312) 741-1019 | Matthew C. De Re |
| beth@feganscott.com | matt@attorneyzim.com |
| | Jeffrey D. Blake |
| Jonathan Shub (Bar ID No. 53965) | jeff@attorneyzim.com |
| Benjamin F. Johns | |
| Samantha E. Holbrook | **ZIMMERMAN LAW OFFICES, P.C.** |
| **SHUB & JOHNS LLC** | 77 W. Washington Street, Suite 1220 |
| Four Tower Bridge | Chicago, Illinois 60602 |
| 200 Barr Harbor Drive, Suite 400 | (312) 440-0020 telephone |
| Conshohocken, PA 19428 | (312) 440-4180 facsimile |
| Phone: (610) 477-8380 | firm@attorneyzim.com |
| bjohns@shublawyers.com | |
| jshub@shublawyers.com | Marc E. Dann |
| sholbrook@shublawyers.com | Brian D Flick |
| | **DANNLAW** |
| | 15000 Madison Avenue |

Adam E. Polk*
Anthony Rogari*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
arogari@girardsharp.com

*Pro hac vice* forthcoming

*Counsel for Plaintiff George D. Manderbach Inc. and the Proposed Class*

Lakewood, Ohio 44107
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff Jay Kay Collision Center and the Proposed Class*

Shannon M. McNulty
Robert A. Clifford
**CLIFFORD LAW OFFICES**
120 North LaSalle Street
36th Floor
Chicago, IL 60602
Telephone: (312) 899-9090
smm@cliffordlaw.com

John A. Yanchunis
jyanchunis@ForThePeople.com
Ronald Podolny*
ronald.podolny@forthepeople.com
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Gerald M. Abdalla, Jr.*
**ABDALLA LAW, PLLC**
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 278-6055
jerry@abdalla-law.com

Timothy W. Porter*
**PORTER & MALOUF, P.A.**
Jackson, MS 39236
Telephone: (601) 957-1173
tim@portermalouf.com

*pro hac vice to be filed*

*Counsel for Plaintiff East McComb Body Shop and the Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 6, 2025

 _/s/ Thomas A. Zimmerman, Jr._