## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.2)
### Eastern Division

Jay Kay Collision Center, Inc., et al.
                                Plaintiff,

v.                                                Case No.: 1:24−cv−05313
                                                       Honorable Jeffrey I Cummings

CDK Global, LLC
                                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 11, 2025:

      MINUTE entry before the Honorable Jeffrey I Cummings: The Court has reviewed plaintiffs' motion to consolidate cases [45]. For the following reasons, plaintiffs' motion to consolidate [45] is granted. To begin, Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases," Hall v. Hall, 584 U.S. 59, 77 (2018), and courts may consider "such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results, as well as any potential prejudice such as the possibility of juror confusion or administrative difficulties." Leitermann v. Forefront Dermatology, S.C., No. 21−CV−887−NJ, 2021 WL 11723794, at *1 (E.D.Wis. Aug. 19, 2021). Here, the non−dealer business entity cases against CDK Global, LLC each arise out of the same cyber security incident on June 19, 2024, and, as a result, involve common issues of law and fact for purposes of Rule 42. See Hamilton v. Forward Bank, No. 23−CV−844−WMC, 2024 WL 776578, at *1 (W.D.Wis. Feb. 26, 2024) (consolidating cases that arose out of the same data breach incident); Leitermann, 2021 WL 11723794, at *1 (consolidating cases that arose "from the same nucleus of operative facts an alleged data breach"). Moreover, consolidating these cases will promote judicial efficiency and defendant has not identified any prejudice it will suffer if consolidation is permitted. See Huffman v. United States Steel Corp., No. 3:22−CV−02029−NJR, 2024 WL 4264211, at *8 (S.D.Ill. Sept. 23, 2024) ("The underlying purpose of a Rule 42(a) consolidation is promotion of judicial efficiency, but not when prejudice caused to any party outweighs it."). As such, plaintiff's motion [45] is granted. Enter Consolidation Order. The previously set 1/24/25 tracking status hearing is stricken and re−set to 4/4/25 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.